### In re GLENN T. BLAND WATER SYSTEM.

Docket No. 74827. Order No. 6512.

Florida Public Service Commission.

February 13, 1975.

The following commissioners participated in the disposition of this matter: WILLIAM T. MAYO, Chairman, WILLIAM H. BEVIS, PAULA F. HAWKINS.

BY THE COMMISSION.

*Order:* On December 18, 1973, the board of county commissioners for Citrus County adopted a resolution pursuant to §367.171, Florida Statutes, placing all privately owned water and sewer utilities in Citrus County under the regulatory jurisdiction of this commission.

On December 21, 1973, Order 5983 was issued in Docket No. 5818-WE providing in part —

Each utility, as defined by the provisions of subsection (3), §367.021, Florida Statutes, except those exempted from regulation by the provisions of §367.022, Florida Statutes, shall —

1. Register with this commission within thirty days, as required by the provisions of paragraph (a), subsection 367.171(1), Florida Statutes.

2. Make application for its certificate or certificates, authorizing it to continue the operation of its water or sewer systems, pursuant to the provisions of paragraph (b), subsection 367.171, Florida Statutes, 1971.

3. All rates and charges for water or sewer service, or the charges for the availability of that service, in effect on December 18, 1973, shall remain in effect until changed by this commission.

It is, therefore, ordered that the resolution of the board of county commissioners of Citrus County be and the same is hereby received and recognized as full compliance with the provisions of subsection 367.171 (1), Florida Statutes, for the purpose of conferring on this commission, pursuant to the terms of said law, jurisdiction and responsibility for regulation of all utilities as defined by Chapter 367, Florida Statutes, and all such utilities are hereby directed to take such action as is required by the provisions of that law.

§367.071, Florida Statutes, provides, in part, as follows —

No utility shall sell, assign, or transfer its certificate, facilities or any portion thereof, or majority organizational control without

determination and approval of the commission that the proposed sale, assignment, or transfer is in the public interest.

§367.081(1), Florida Statutes, provides —

Rates and charges being charged and collected by a utility shall be changed only by approval of the commission.

It has been reported that on December 18, 1973, Mr. Glenn T. Bland, owned and operated a water system, serving more than 100 persons in an unincorporated area in Citrus County known as "Backwater Heights"; the charges for service were $3 per month per connection; during the months of February or March 1974 Mr. Glenn T. Bland purportedly sold and transferred the above water system to Mr. and Mrs. Rudy Bohach who on or about May 1, 1974, attempted to increase the rates for service from $3 to $4.50 per month per connection. No application for approval of the above purported transfer or for authority to increase rates has been filed with and approved by this commission.

§367.161(2), Florida Statutes, provides for imposition of a penalty of not more than $5,000 for knowingly refusing to comply with or willfully violating any provision of Chapter 367 or any lawful rate, rule or regulation, order, direction, demand or requirement prescribed by this commission. Each day such refusal or violation continues shall constitute a separate offense.

From the foregoing it is concluded that Mr. Glenn T. Bland and/or Mr. and Mrs. Rudy Bohach may have violated the provisions of the above statutes.

It is, therefore, ordered that Mr. Glenn T. Bland, Route 1, Box 5 (U.S. 41—½ mile south of Dunnellon), Dunnellon, Florida 32630, and Mr. and Mrs. Rudy Bohach, Star Route 5, Box 315, Dunnellon, Florida, 32360, each show cause in writing within twenty days from the date hereof why they should not comply with the provisions of Chapter 367, Florida Statutes; why they should not jointly and/or severally be penalized by fine or other appropriate action for failure to comply with Chapter 367, Florida Statutes; and why rates for service should not be rolled back to $3 per month and any amounts collected in excess thereof refunded to the customers.

By order of Chairman WILLIAM T. MAYO, Commissioner WILLIAM H. BEVIS, and Commissioner PAULA F. HAWKINS, as and constituting the Florida Public Service Commission, this 13th day of February, 1975.

*William B. DeMilly*
**Administrative Secretary**